**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CHARLES E. HARDER, acting for
wife Diana,

        Plaintiff,

vs.                                                     Case No. 3:12-cv-799-J-32JBT

MARK HUNTER, Sheriff of Columbia
County, and COLUMBIA COUNTY
COMMISSION,

        Defendants.

---

## **ORDER**

This case is before the Court for review of the pending motions. Upon review of plaintiff's complaint (Doc. 1) and plaintiff's amended complaint (Doc. 11), the Court finds no possibility of a claim under 42 U.S.C. § 1983.

**I.**     **Background**

On July 26, 2012, pro se Plaintiff filed this case acting also for his wife Dianne Harder.[1] (Doc. 1.) The original complaint was filed against defendants Sheriff Mark Hunter, Detective Debbie Marsalak, Columbia County, and the Columbia County Commission. (Id.) The original complaint appeared to be alleging a violation of civil rights under 42 U.S.C. § 1983 due to the Sheriff's failure to arrest a certain individual. (See id.) On January 2, 2013, Plaintiff filed an amended complaint; the only change to the complaint is that Plaintiff now names only Sheriff Mark Hunter and the Columbia County Commission as Defendants. (Doc.

---

[1] While Mr. Harder is not allowed to represent his pro se wife, the Court nevertheless will address the merits of the case as to both of them.

11.) Plaintiff's factual allegations are again based on the individual allegedly scamming Mr. and Mrs. Harder and on Sheriff Hunter's refusal to arrest the individual and "reclaim" the allegedly stolen equipment. Plaintiff claims Sheriff Hunter's refusal to enforce Florida's grand theft, elder abuse, or fraud laws constitutes a violation of his civil rights. (See id. at 2-5.)

On March 26, 2013, defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted. (Doc. 22.) On April 2, 2013, defendants filed a motion for sanctions seeking dismissal of the case due to email communications from plaintiff to defense counsel. (Doc. 24.) On April 5, 2013, plaintiff filed an answer to the motion to dismiss (Doc. 26), which the Court will construe as a response. On April 8, 2013, plaintiff filed a motion to strike defendants motion for sanctions (Doc. 27), which the Court construed as a response. On April 26, 2013, the assigned United States Magistrate Judge held a hearing on the Motion for Sanctions and declined to impose sanctions at that time, but continued to take the motion under advisement in the event Mr. Harder's conduct warranted sanctions in the future. (Doc. 35 at 4.) On June 21, 2013, plaintiff filed a motion for summary judgment.[2] (Doc. 43.)

## II. **Standard of Review**

Because plaintiff is proceeding pro se, his pleadings are held to a less stringent standard than pleadings drafted by an attorney, and will be liberally construed. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations in the non-moving

---

[2] Plaintiff has also since filed a "Proffer" (Doc. 44) and a "Case Report" (Doc. 45), neither of which change this Court's decision.

party's pleading as true and consider the allegations in the light most favorable to the non-moving party. Castro v. Sec'y of Homeland Sec., 472 F.3d 1334, 1336 (11th Cir. 2006); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). The Court should dismiss a claim where a party fails to plead facts that make the claim facially plausible. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009)). A claim is facially plausible where the Court can make a reasonable inference based on the facts pled that the opposing party is liable for the alleged misconduct. Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

**III. Analysis**

**A. Columbia County Commission**

Plaintiff's amended complaint does not allege any claims against defendant Columbia County Commission. Plaintiff appears to mistakenly believe that Columbia County employs the Sheriff and is therefore liable for his actions. The Columbia County Commission does not employ the Sheriff. Therefore, the claims against Defendant Columbia County Commission will be dismissed.[3]

**B. Mark Hunter, Sheriff of Columbia County**

Plaintiff alleges that Sheriff Hunter failed to enforce the laws of Florida. To state a cause of action under 42 U.S.C. § 1983, plaintiff must show (1) that he was deprived of a constitutional right, and (2) that such deprivation occurred under color of state law. Arrington

---

[3] Even if the Columbia County Commission employed Sheriff Hunter, a municipality cannot be liable under § 1983 based on respondeat superior. See Monell v. Dept. of Social Servs., 436 U.S. 658, 691 (1978).

3

v. Cobb Cnty., 139 F.3d 865, 872 (11th Cir. 1998). Plaintiff has not alleged a constitutional right of which he was deprived. Plaintiff alleges that his civil rights were violated by the Sheriff's failure to arrest the individual and uphold the laws of Florida. Protection under the Due Process Clause is not offered to a party who might benefit from having someone else arrested for a crime. Town of Castle Rock Colo. v. Gonzales, 545 U.S. 748, 768 (2005) ("[T]he benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations.").

Moreover, Plaintiff has no legitimate entitlement to, and thus no property interest in, having the individual arrested. See Town of Castle Rock Colo., 545 U.S. at 756 ("The procedural component of the Due Process Clause does not protect everything that might be described as a 'benefit': To have a property interest in a benefit, a person clearly must have more than an abstract need or desire and more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.") (quotations omitted). And, "a benefit is not a protected entitlement if government officials may grant or deny it in their discretion." Id. Under Florida law "the decision of whether to enforce the law by making an arrest is a basic judgmental or discretionary governmental function that is immune from suit." Everton v. Willard, 468 So. 2d 936, 937-38 (Fla. 1985). Thus, Plaintiff has failed to state a claim for relief against either Defendant.[4]

---

[4] Although he has no legal claim against the Sheriff, Mr. Harder may want to consider taking his allegations straight to the State Attorney's Office or the U.S. Attorney's Office to see if they will consider them.

Accordingly, it is hereby

**ORDERED**:

1. Defendants' Motion to Dismiss (Doc. 22) is **GRANTED**.

2. Plaintiff's Amended Complaint is **DISMISSED with prejudice**.

3. Plaintiff's Motion for Summary Judgment (Doc. 43) is **denied as moot**.

3. The Clerk of Court is directed to terminate all pending motions and close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 9th day of October, 2013.

_____
TIMOTHY J. CORRIGAN
United States District Judge

b.
Copies to:

Honorable Joel B. Toomey
United States Magistrate Judge

pro se plaintiff
counsel of record