**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CHARLES E. HARDER, acting for
wife Diana,

                Plaintiff,

vs.                                      Case No.  3:12-cv-799-J-32JBT

MARK HUNTER, Sheriff of Columbia
County, and COLUMBIA COUNTY
COMMISSION,

                Defendants.

_____

## ORDER

This case is before the Court on Plaintiff's Notice of Appeal and/or Amended Motion

for Reconsideration, Clarification and Amplification ("Motion") (Doc. 51), filed on November

4, 2013.  On October 9, 2013, the Court entered an Order granting Defendant's Motion to

Dismiss (Doc. 22), dismissing Plaintiff's Amended Complaint with prejudice, denying

Plaintiff's Motion for Summary Judgment as moot, and directing the Clerk of Court to close

the file.  (Doc. 46.)

Plaintiff now asks the Court to reconsider its ruling and, alternatively, files his Motion

as a notice of appeal.  Upon due consideration, the Court concludes that Plaintiff has failed

to meet the burden of establishing the extraordinary circumstances supporting

reconsideration. See Am. Ass'n of People With Disabilities v. Hood, 278 F. Supp. 2d 1337,

1339 (M.D. Fla. 2003) ("Reconsideration of a Court's previous order is an extraordinary

remedy," not an opportunity to "simply reargue an issue the Court has once determined.").

Therefore, the Motion is due to be denied.

The Court's review of the applicable law indicates that Plaintiff's purported notice of appeal does not prohibit the entry of this Order.  Whether the Motion is technically a motion to alter or amend under Federal Rule of Civil Procedure 59(e) or a motion for relief from the October 9, 2013 Order under Rule 60, "[a] notice [of appeal] filed before the filing of [either such motion] or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals."  Fed. R. App. P. 4(a)(4) advisory committee's note.  Moreover, even if the Court did lack the authority to grant the Motion, Federal Rule of Civil Procedure 62.1(a) permits the Court to deny the Motion.

Accordingly, it is hereby **ORDERED** that Plaintiff's Notice of Appeal and/or Amended Motion for Reconsideration, Clarification and Amplification (Doc. 51) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, on this 13th day of November, 2013.

_____
TIMOTHY J. CORRIGAN
United States District Judge

bjb.
Copies:

Pro se plaintiff

Counsel of Record